HENRY P. STOLP

v.

JAMES A. BLAIR.

68    541
52a  607
68    541
209  ⁴287
68    541
212  ³297
e113a³254

1. EVIDENCE—*proof of business with others done in same way.* In an action to recover money loaned, when the plaintiff claimed that he had loaned the defendant $500 for six months without taking any note, the court allowed the plaintiff to testify that he had frequently before, and in the case of various other persons, made loans of money without taking any note: *Held,* that the testimony was properly admitted to rebut any inference that might arise from the uncommonness of making such a loan without taking a note.

2. SAME—*rebutting in contradiction.* In a suit to recover $500 loaned, the defendant, as a witness, denied the loan, and to show that he had no occasion to borrow, testified that he had received from his brother-in-law money to be used by him, and, on cross-examination, denied having sent $300 by express to his brother-in-law. In rebuttal, the court allowed the plaintiff to prove that about the time of the loan the defendant sent $300 by express to his brother-in-law, which was objected to: *Held,* that the rebutting evidence was pertinent and proper, and not collateral, and that it was proper, whether it had been denied by the defendant or not.

3. SAME—*former declarations to corroborate impeached witness.* Proof of the declarations of a witness made out of court in corroboration of testimony given by him on the trial of a cause, is, as a general rule, inadmissible, even after the witness has been impeached or discredited.

4. Where the witness is charged with testifying under the influence of some motive prompting him to make a false statement, it may be shown that he made similar statements at a time when the imputed motive did not exist, or when motives of interest would have induced him to make a different statement of facts.

5. So, in contradiction of evidence tending to show that the witness' account of the transaction was a fabrication of a recent date, it may be shown that he gave a similar account before its effect and operation could be foreseen.

6. In this case the plaintiff testified that, on the 18th day of September, 1871, he loaned the defendant $500 for six months, without taking any note. This the defendant denied, but offered no contradictory statements of the plaintiff, and there was nothing in the way of impeachment, except it was sought to impeach him on cross-examination, and there was contradictory testimony to his in the case. The court then permitted the plaintiff to prove by a witness that about the date of the alleged loan the

plaintiff told the witness he had loaned the defendant $500 and took no note: *Held*, that the court erred in admitting the statement, as it did not come within any of the exceptions to the general rule.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. B. F. PARKS, for the appellant.

Messrs. WHEATON, SMITH & McDOLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Blair against Stolp, to recover $500, money alleged to have been loaned by the former to the latter. The plaintiff below recovered, and the defendant appealed.

Three certain rulings of the court below in the admission of evidence are assigned for error, as also that the verdict was contrary to the evidence.

The first ruling excepted to was, in allowing Blair to testify as to his manner of doing business with other persons in the respect of making loans of money without taking notes. He had testified that, on the 18th of September, 1871, he lent Stolp $500 for six months, and that he took no note. The uncommonness of making a loan of money, of such an amount, for so long a time, might have afforded ground for an unfavorable inference against the truth of the statement of the witness.

In rebuttal of any such inference, we think evidence was not improperly received, that Blair had frequently before, and in the case of various persons, made loans of money without taking any notes.

It is next objected, that Stolp was allowed to be contradicted, as a witness, on a collateral question.

The defendant below not only denied the loan by plaintiff to him, but sought to show, in corroboration of his testimony, that he had no occasion to borrow money at the time, as he

had plenty of means, and as showing that, testified that he had received, to be used by him as his own, a large sum of money from Woodman, his brother-in-law.  In answer to this, evidence was admitted, against objection, that, on September 28, 1871, Stolp sent by express to Woodman $300. We think the evidence was pertinent in reply to that of Stolp, and not collateral; and though Stolp, on cross-examination, had denied sending this money by express, that would not prevent proving the fact.  It was one the plaintiff was entitled to prove, whether Stolp was inquired of as to it or not. It was not merely a contradiction of Stolp upon a collateral matter, as supposed by counsel.

The other ruling excepted to was, in the admission of the following testimony of the witness Bailes: "I borrowed $10 of Blair; am not positive about date, but think it was on Friday of that week (of 18th Sept. 1871).  I spoke of giving a note for the money I borrowed, and Blair said: 'I loaned $500 to Mr. Stolp, and did not take a note; I would not think of taking a note of you for $10.'"

The witness further stated, Blair said he let Henry Stolp have $500.  The 18th of September, the day of the alleged loan, was Monday.  It is contended by appellee's counsel that this statement of Blair, of his loan of $500 to Stolp, was properly admitted as rebutting testimony to sustain Blair, after the defendant below had attempted to impair the credibility of Blair on cross-examination, and by testimony contradicting him.

This court, in *Gates* v. *The People*, 14 Ill. 434, recognized the existence of a conflict of authority upon the question whether the former declarations of a witness, whose credibility is attacked, may be given in evidence to corroborate his testimony, but did not find it necessary in that case to determine in regard to the general rule, as that case came within one of the admitted exceptions to the rule of exclusion.

We find the decided weight of authority to be, that proof of declarations made by a witness out of court, in corrobora-

tion of testimony given by him on the trial of a cause, is, as a general rule, inadmissible, even after the witness has been impeached or discredited; and we are satisfied with the correctness of the rule. The following may be referred to among the authorities sustaining such rule: 2 Phil. Ev. 5th Ed. 973, marginal; 1 Stark. Ev. 147; 1 Greenl. Ev. sec. 469; *Robb et al.* v. *Hackley et al.* 23 Wend. 50; *Gibbs* v. *Tinsley*, 13 Verm. 208; *Ellicott* v. *Pearl*, 10 Pet. 412; *Conrad* v. *Griffey*, 11 How. 480. A collection of cases upon the subject, on either side, will be found in the notes to 2 Phillipps, by Cowen & Hill, 979, marginal, and in the case cited from 11 Howard.

In some places, as in England and New York, the rule has been adopted in the place of a prior contrary one. As recognized in *Gates* v. *The People, supra,* the authorities agree that the former statements of the witness may, in some instances, be introduced for the purpose of sustaining his testimony; as, where he is charged with testifying under the influence of some motive prompting him to make a false statement, it may be shown that he made similar statements at a time when the imputed motive did not exist, or when motives of interest would have induced him to make a different statement of facts. So, in contradiction of evidence tending to show that the witness' account of the transaction was a fabrication of a recent date, it may be shown that he gave a similar account before its effect and operation could be foreseen. In some cases the admission of the confirmatory statement has been confined to the sole case of an impeachment by a contradictory statement of the witness; and again, such confirmatory statements have been held to be especially not admissible, if they were made subsequent to the contradictions proved on the other side, as in *Ellicott* v. *Pearl, supra,* and *Conrad* v. *Griffey, supra.*

In the case under consideration, there were no contradictory statements of Blair introduced in evidence. There was nothing further in the way of impeachment than that it was sought to impeach him on cross-examination, and that

there was contradictory testimony to his in the case. The statement of Blair which was admitted, does not come within any of the admitted exceptions to the general rule of inadmissibility. It was his mere declaration of the fact made not under oath, which was not evidence. We are of opinion that, on principle and authority, it was not competent, and was wrongly received. As we find this a sufficient ground for reversal, we will express no opinion upon the weight of the evidence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*