## ROCKFORD INSURANCE COMPANY

### v.

## HUGH L. TRAVELSTEAD.

*Fire Insurance—Application—False Representations—Waiver—Acts of Agent — Estoppel — Adjustment — Inconsistent Defenses—Pleading—Incomplete Bill of Exceptions.*

1.   An insurance company which, with knowledge of fraudulent representations in an application, demands proofs of loss, is estopped from setting up such representations in defense of an action on the policy.

2.   Where an insurance company is estopped from setting up a given defense by acts of its adjuster amounting to a waiver. it can not escape liability through a condition in the policy limiting such agent's authority to bind the company.

3.   Where one has an election between inconsistent courses of action, he will be held to that which he first adopts.

4.   The assignment of errors should be attached to the record.

5.   In the case presented it is *held:* That the court below properly excluded the original application, which was not offered until after the argument was commenced; that the service does not show false representations on the part of the plaintiff; and that the defendant is estopped from setting up a defense which is inconsistent with the acts of its adjuster.

[Opinion filed March 1, 1889.]

APPEAL from the County Court of Williamson County; the Hon. W. W. DUNCAN, Judge, presiding.

Messrs. MARSHALL & TAGGART, for appellant.

The policy had a copy of the application on the back thereof. The whole policy, including the copy of application, was set out in the pleadings in full, as well as read in evidence. In this copy the dollar mark was omitted from before the 84, and it was claimed in argument below that it did not mean an 84 dollar mortgage. The original application had the dollar mark in. This was made a part of the policy by express reference. Upon this question being made in argument, the defendant below asked to introduce the original application, which was excluded by the court—the court, however, holding that the copy should be construed the same as though the dollar mark were there, and giving instructions to the jury upon that theory. This is correct. Dollars are the units of our currency. The question asked called for the amount of incumbrance, and, taking the answer with the question, there can be no doubt but that the 84 should read as 84 dollars. In Beardsley v. Hill, 61 Ill. 358, "one hundred and ninety-one, fifty cents" was construed to mean $191.50; and in Northrup v. Sanborn, 22 Vt. 434, the court held that 37.89 in an order meant $37.89. It was also claimed below that Mtge. did not mean a mortgage. This abbreviation is a very good one for the purpose, and, used in answer to an interrogatory about incumbrances, could hardly be mistaken.

If the construction claimed below by the plaintiff were correct, there would still be a clear breach of warranty in the answer to question number 22 of the application. That a false statement as to the amount of the mortgage constitutes a defense, see Abbott v. Shawmut Ins. Co., 3 Allen, 213; Ryan v. Springfield F. Ins. Co., 46 Wis. 671; Pa. Ins. Co. v. Gottsman, 48 Pa. St. 151; Schumitsch v. Amer. Ins. Co., 48 Wis. 26; 3 N. W. R. 595.

So far as we can learn, it has never been held that an insurance agent, who goes to examine a loss, must at once refuse payment on discovering a defense or estop his company from setting up such defense. It is certainly for the interest of both parties that he should be allowed to go on and make the formal proofs of loss for the assured if he sees fit, and then

refer the whole matter to the company. In this way the insured is neither misled nor prejudiced. The authorities, where it is held that the insurer is estopped from setting up a defense, all limit the doctrine to cases where the assured has been led by the insurer to contract expense and been put to trouble. Webster v. Phœnix Ins. Co., 36 Wis. 71; Gans v. St. Paul Ins. Co., 43 Wis. 109; Titus v. Glens Falls Ins. Co., 81 N. Y. 410; Hollis v. State Ins. Co., 65 Iowa, 454.

It has never been held that an adjuster away from the home office could waive a defense by taking proofs of loss. On the contrary, where the adjuster visited the property, gave insured blanks on which to make out his proofs, asked him to do so, leaving him to pay all expenses himself, and after receiving the proofs returned them for correction, it is the law that the company is not bound by his acts. Even if the court should inquire into the authority of adjusters and attempt to determine what powers they are held out as possessing, as a matter of public notoriety, it would find they had no power to do more than examine and report, as all blank drafts, receipts and papers used by or furnished to adjusters of this company, and we think so of all other companies, contain special provisions making the acts of the adjuster operative only upon approval of the company. The law is, however, that the authority of an adjuster to waive a defense by demanding proofs of loss must be expressly proved, and will not be presumed even from proof that he is an adjuster. Hollis v. State, 65 Iowa, 457.

In this case we insist that there is no competent evidence that Dolan was an agent, certainly none that he had any power to waive defenses. The policy sued upon is averred in the declaration to contain this provision:

"No agent or employe of this company or any other person or persons except the secretary, in writing, shall have the power or authority to waive or alter any of the terms or conditions of this policy."

This was notice to the assured that Dolan did not have any such power. This provision has been sustained in Wisconsin, where there is a strong statute upon the subject of holding

insurance companies responsible for all acts of agents; also in Michigan. Hankins v. Rockford Ins. Co., 35 N. W. Rep. (Wis.) 34; Cleaver v. Trader's Ins. Co., 32 N. W. Rep. (Mich.) 660.

Messrs. CLEMENS & WARDER, for appellee.

PHILLIPS, J.  This is an action of assumpsit brought by appellee against appellant, on a policy of insurance. It is insisted in defense that the assured in his application made false representations as to the title to the land and amount of land in the farm on which the insured buildings stood, and falsely represented the amount of a mortgage on the premises. The plaintiff, in reply, while denying the false representations, claims that the defendant company, with full knowledge of all the facts, demanded proofs of loss, which were furnished, and through its adjuster, Dolan, adjusted the loss at $400, and Dolan afterward repudiated the adjustment; the plaintiff claims that with full knowledge of all the facts. The demand for the proofs of loss, which were furnished, estops the company from setting up the false representations. The insurance company denies the right of Dolan to waive any of the conditions of the policy and denies that the evidence shows him to be an agent of the company. A trial was had before a jury and a verdict was entered for $465; there was a remittitur of $23.15; motion for a new trial was overruled, and judgment entered for $441.85. The insurance company brings the record to this court by appeal.

The evidence shows that the appellee's building and contents, the insured property, was destroyed by fire, and he at once gave notice to the company and was informed in reply that Mr. Dolan, an adjuster, would come and see about the matter. A short time thereafter appellee met Mr. Dolan and a meeting was appointed, to be held in Marion. Appellee came to Marion and met Mr. Dolan, and found he had full knowledge of appellee's title to the lands, the number of acres, and the amount of the mortgage. With this knowledge Mr. Dolan asked for a statement of the property destroyed by fire

in the building and a description of the building burned. The appellee then, with Mr. Dolan's aid, made proof of loss. The same was sworn to by appellee before a justice of the peace and was delivered to and retained by the adjuster. Some propositions of a settlement of the loss were made and an agreement entered into by which the company was to pay $400. The adjuster then produced the premium note of appellee, and proposed to deduct that from the $400, to which appellee objected at the time, but subsequently consented, when Dolan then refused to pay anything. The evidence shows that when the company was notified of the destruction by fire of the insured property, the appellee was informed that an adjuster, Mr. Dolan, would call and investigate the matter. He subsequently did so and produced the premium note made to the company by the appellee. It was sufficiently shown that he was an agent of the company. Before the meeting at Marion he had called at appellee's house, and in his absence, with the consent of a member of his family, had examined his papers and found he had title to forty acres of land, and a bond for a deed to thirty acres. He had also learned of the existence of an unrecorded mortgage and had called on the mortgagee and found the amount secured thereby. The appellant insists that the appellee in his application had made false representations as to the amount of the mortgage; the copy of the application indorsed on the policy was offered in evidence and contains, this question: "Is your property incumbered, if so, by what, in what amount, when due." To which the answer is: "84 Mtge. on forty acres." The mortgage on the forty acres of land is shown to have been made in 1886, and to secure a note for $148.03, due 18th of September, 1887, no part of which had been paid. We can not construe the answer to the question above given as being an answer to more than that part of the question: "Is your property incumbered? If so, by what?" The answer, "Mtge. on forty acres," is in response to that question, and the "84" is meaningless, and must be rejected. The answer does not attempt to reply to that part of the question "to what amount and when due." It is insisted, however, in argument, that the original

application contained the answer as follows: "$84 Mtge. on forty acres." That original application was not in evidence and was not offered until after the argument of the case commenced, and when then offered, the court, on objection of appellee, refused to open the case and allow the same to go to the jury. It was not, therefore, in evidence, and can not be considered by us. From the evidence before the jury, we do not find the appellee made a false representation in response to that question. But if it is conceded that the answer of appellee was shown to be "$84 Mtge. on forty acres," and was fraudulent, yet the evidence shows that with full knowledge of the facts, the agent of the company required of appellee full proof of loss, which was made. This must be held to estop appellant from setting up in defense such misrepresentation. German Fire Ins. Co. v. Grunert, 112 Ill. 68; Webster v. Phœnix Ins. Co., 36 Wis. 67; Gans v. St. Paul F. & M. Ins. Co., 43 Wis. 108.

It is, however, urged by appellant that the reason for an estoppel in such case is that the insured must be put to expense in making proof of loss. It is shown that appellee took time to give the facts, make proof of loss and go before a justice to make affidavit to the same. The principle of estoppel is not based on expense incurred alone. It is said by Bigelow in his work on Estoppel, page 578, "A party can not occupy inconsistent positions, and where one has an election between inconsistent courses of action he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the facts, determines his election, and works an estoppel." The evidence shows that the appellee answered the question, "How much land do you own on which the property to be insured is situated," by saying "eighty acres," and it is urged that this answer was fraudulent, as he had a deed to but forty acres, and a bond for a deed to thirty acres. But the evidence shows that the adjuster, Dolan, had full knowledge of these facts at the time he required proofs of loss, and the principle of estoppel already discussed applies with equal force to this representation. The policy sued on contains this provision:

" No agent or employe of this company, or any other person or persons except the secretary, in writing, shall have the power or authority to waive or alter any of the terms or conditions of this policy;" and it is urged by the company that, the policy containing this provision, the assured had notice that Dolan had no power to waive or alter the conditions of the policy. No provision of the policy is changed, nor is anything added to it. The company employs its own agents, and if an agent employed and instructed with the discharge of a duty by the company requires an act of the assured which is inconsistent with the defense set up to avoid the liability claimed to exist by virtue of the policy, by reason of which the defense thus sought to be made is absolutely inconsistent with the act they have required of the assured, they will not be permitted to engraft an additional condition in the policy to the effect that the assured shall not have the benefit of an estoppel *in pais* to a right that exists by virtue of the act of the company through its agent, and not merely by the terms and conditions of the contract.

The instructions to which objections are taken proceed on the theory of estoppel by reason of the company having knowledge of the facts, and thereafter demanding proofs of loss. It was not error to give them. The bill of exceptions in this case is incomplete in not furnishing copies of papers offered and referred to in evidence ; nor does it appear by the certificate of the judge that it contains all the evidence. The assignment of errors is not attached to the record but made on a separate sheet of paper and placed in the record without being attached thereto. This is not in compliance with the rule, nor with the requirement of the law. Martin v. Russell, 3 Scam. 342 ; Gibbs v. Blackwell, 40 Ill. 51 ; Williston v. Fisher, 28 Ill. 43.

Finding no error in the record of which appellant may complain the judgment is affirmed.

*Judgment affirmed.*