Filed Jan. 30, 1894.

———————◇———————

No. 1,004.

HEDGE *v.* TALBOTT, ADMINISTRATOR.

EVIDENCE.—*Decedent's Estate.*—*Attorney.*—*History of a Land Transaction.*—*Competency.*—*Note.*—In an action on a claim against a decedent's estate, involving a note bearing eight per cent. interest alleged to have evolved out of a land transaction between the claimant and the decedent, the attorney for the decedent was permitted to testify to the facts in relation to the land transaction between the decedent and claimant's husband, with the statement by the court to the jury that plaintiff was not bound by anything that was said or done in her absence, but that the circumstances connected with the transaction were proper to go to the jury with the other evidence in the case.

*Held,* that such testimony, as a history of the transaction, subject to the limitations stated by the court, was proper to go to the jury, in order to make the evidence offered in relation to the transaction more intelligible.

SAME.—*Nonexecution of Note.*—*Circumstance for Jury.*—*Alleged Maker Having Money to Loan at Date of Execution.*—*Decedent's Estate.*—In such case, where the defenses interposed were nonexecution of the note and want of consideration, evidence that the decedent had, when the debt in question was said to have been created in 1876, on hand or in bank, from $300 to $1,500, and that decedent made a loan of $300 at six per cent. interest, about the time of the alleged execution of the note, and that decedent continued to have such sums of money at her command during all the time prior to the execution of the note, was admissible as a circumstance which the jury might consider in determining whether such debt was so created and allowed to stand as an open account from 1876 to 1887,

and whether the note was then executed as evidence thereof, at eight per cent., when she had money to loan at six per cent.

From the Montgomery Circuit Court.

*A. D. Thomas* and *W. F. Whittington*, for appellant.
*A. B. Anderson* and *B. Crane*, for appellee.

DAVIS, C. J.—This was an action upon a promissory note for four hundred dollars, bearing interest at eight per cent. from date, filed by appellant against the estate of Isabel Durham. The defense interposed to the note was nonexecution of the note and want of consideration. A trial by jury resulted in verdict and judgment for appellee.

The only error assigned is the overruling of appellant's motion for a new trial.

This is the second time the case has been in this court. *Talbott, Admr.*, v. *Hedge*, 5 Ind. App. 555.

The evidence tends to prove that about 1874 said Durham sold and conveyed to appellant's husband one hundred and twenty acres of land for four thousand, eight hundred dollars, of which eight hundred was paid in cash, and notes were executed for the residue; that at the expiration of one year, when the first note became due, the real estate was reconveyed by the purchaser to her in discharge of said notes; that in consideration of the eight hundred dollars paid by him on the purchase price he was allowed the use and possession of the real estate for two years.

The theory of appellant was that said Isabel agreed to pay appellant four hundred dollars to join in the reconveyance of the real estate, and that in consideration of said agreement the note in suit was executed eleven years thereafter. There was some evidence, perhaps, slight though it may be, tending to support that contention. On the contrary, the theory of appellee was that

said decedent never signed the note, but that if she did it was without consideration.

Appellee introduced evidence tending to prove that after the reconveyance appellant claimed she was entitled to something on account of the land transaction, and that the attorney who had the business in charge for Mrs. Durham insisted that she was entitled to nothing. Over objection of appellant, said attorney was permitted to testify to the facts in relation to the land transaction between said decedent and appellant's husband. This evidence was admitted by the trial court, with the statement, then made to the jury by the court, that appellant was not bound by anything that was said or done in her absence, but that the circumstances connected with that transaction were proper to go to the jury with the other evidence in the case. Under the circumstances, the history of that transaction was proper to go to the jury, subject to the limitation stated by the court, in order to make the evidence offered by the respective parties, in relation to the nature of that transaction, intelligible.

On the trial James C. Knox and Eugene Ashby, witnesses for appellee, who were familiar with her business affairs, over the objections and exceptions of appellant, were allowed to testify that she had before, and at, or about, the time the note purports to have been executed, money on hand which she desired to loan, and that in a conversation with one of them she requested him to find a borrower for her. This evidence tended to show that from 1876 to 1887 she had, at all times, or nearly so, in bank from $300 to $1,500, and that she made a loan of $300, at six per cent. interest, to one of the witnesses near the time of the alleged execution of the note in suit. In this connection it should be borne in mind that there was evidence introduced on the part of appellee, tending

to prove that the signature to the note was not that of Mrs. Durham.

The fact that she was in easy financial circumstances during all of these years, that she had money on hand, and that she desired to find a borrower for her money, did not prove that she did not promise, in 1876, to pay appellant four hundred dollars, or that she did not, in pursuance of that promise, execute the note in suit in 1887. The jury were required to determine whether the promise was made in 1876, and whether the debt was afterwards paid, or whether the note was executed in consideration thereof in 1887. There was no direct evidence on the question of payment.

In such cases, relating to transactions of a remote period, where it is (as it was in this case) difficult to apply other than circumstantial evidence, when the question is whether or not money has been paid, proof that the party sought to be charged with the debt was in such circumstances that he or she could or could not pay, has been received as tending to show that he or she did or did not pay. *Vogt* v. *Butler*, 105 Mo. 479, 16 S. W. Rep. 512; *Stolp* v. *Blair*, 68 Ill. 541; *Dowling* v. *Dowling*, 10 Irish Com. Law, 236.

The evidence that said Isabel Durham had, when the debt in question was said to have been created in 1876, on hand or in bank the amount of money hereinbefore mentioned, and that she continued to have such money at her command during all the years prior to the alleged execution of the note was admissible as a circumstance which the jury might consider in determining whether such debt was so created and allowed to stand as an open account from 1876 to 1887, and whether the note was then executed as the evidence thereof. *Seligman* v. *Rogers*, 21 S. W. Rep. 94.

It was a question, under all the circumstances, whether

appellant, according to the usual experience of mankind, would allow such debt to stand as an open account for eleven years, or whether said decedent would execute a note bearing eight per cent. interest when she had money to loan at six per cent.

For the reasons stated there was no error in our opinion in allowing the evidence to go to the jury. With their knowledge of, and experience in, the common business affairs of life, this evidence was proper to be considered in connection with the other facts and circumstances in the case in determining whether the debt was created in 1876, whether it remained unpaid until 1887, and whether the note in suit was executed by said Isabel Durham.

It is undisputed, that when Isabel Durham died she was seventy years of age; that she took a reconveyance of the real estate, because the husband of appellant, at the end of the first year, found he could not pay therefor, and in doing this she surrendered his notes for the unpaid purchase money, on a part of which ($700) there was personal security, and the residue was secured by mortgage; that for the eight hundred dollars which he had paid thereon she allowed him the use and possession of the land, worth $400 per year, for two years. If appellant was, in justice, entitled to anything farther from Mrs. Durham, such fact, to say the least of it, is not clearly or satisfactorily explained, but if she had recovered in the court below, perhaps this court would not have reversed the judgment on the evidence.

However this may be, neither of the parties in interest could testify at the trial. The mouth of one was then sealed in death and the mouth of the other was closed by statute. The history of the transaction which constituted the alleged consideration of the note, and the financial situation of the parties, during the years mentioned, were,

under the circumstances of this particular case, so far as the same were entered into on the trial, relevant and pertinent subjects of inquiry, as tending in some degree, at least, to throw light on the matters in controversy.

It is sufficient to say in conclusion, that it appears to the court, from an examination of the record, that the merits of the cause have been fairly tried in the court below. Section 658, R. S. 1881.

Judgment affirmed.

Filed Jan. 30, 1894.