(No. 23454.—

THELMA MAPES, Appellee, *vs.* ELMER HULCHER *et al.* Appellants.

*Opinion filed April 24, 1936.*

TERRY, GUELTIG & POWELL, for appellants.

PERRY H. HILES, and JESSE R. BROWN, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellee, who was plaintiff in the circuit court, brought an action for damages on account of personal injuries alleged to have been occasioned by the negligence of the defendants. The trial was before the court without a jury and resulted in a finding and judgment for the plaintiff in the sum of $2000. An appeal has been taken directly to this court because of a contention raised and preserved of record below that section 7 of the Civil Practice act is unconstitutional. Other points are also urged, which will be mentioned later in the opinion.

The accident out of which the litigation arose happened in Madison county, where the suit was brought. The defendants both reside in Macoupin county, and it is urged by them that the section of the Practice act in question, which permits the action to be commenced in the county "in which the transaction or some part thereof occurred out of which the cause of action arose," (Smith's Stat. 1935, p. 2422,) is unconstitutional because of a claimed deprivation of due process of law and of equal protection of. the laws. An understanding of the questions involved requires a brief statement as to the pleadings and evidence.

The complaint charged that the plaintiff was riding as a passenger in an automobile on a certain road in Madison county and that she and the driver were both in the exercise of due care for her safety; that the defendants were one the owner and the other the driver of a certain motor truck, which was negligently permitted to stand on the highway without any rear lights, signs or warnings. Other counts charged that the negligence consisted in stopping the truck on the highway without lights or warnings, the violation of the statute prohibiting the stopping of a motor vehicle on a hard road, and the violation of the statute in regard to rear lights on the truck. Each count alleged that the truck was negligently stopped and allowed to stand, and the second and third counts alleged the stopping and standing to have been unnecessarily done. The defendants saved their points as to the constitutionality of section 7 of the Civil Practice act by a limited appearance and proper motions. .

U. S. Route No. 66 is a hard-surfaced State route (formerly known as State Route No. 4) which runs in a northeasterly direction out of Edwardsville, through Hamel to Staunton and points further north. There is no controversy but that on the night of the accident the truck in question was stalled and standing either on, partly on or off of the concrete slab on this road, near the village of Hamel.

Just where it was standing and why it was standing there, as well as the question of whether or not there were any lights on it, were controverted questions of fact. It was snowing on the night in question, and it is apparent from the testimony of all witnesses that visibility was limited and difficult. There was considerable evidence for the plaintiff that there was no light at all on the truck in question and that it was standing on the concrete slab. There was also evidence tending to prove that it was standing at a point near the bottom of a hill or incline some four hundred feet long, and that, even if the engine was stalled, it would have been possible for the driver, had he seen fit, to have coasted off of the slab to a stop by the side of the road instead of on it. Several witnesses testified as to the lack of any lights at all on the truck and to the effect that it was standing on the slab. Two witnesses testified to its being stopped at a point near the bottom of an incline, so as to make it appear from the record that the driver had a choice as to whether he would stop on or off of the hard-surfaced portion of the road.

The driver of the car in which the plaintiff was injured testified that he was driving with his head out of the window, watching the road as best he could under the difficult circumstances but did not see the truck until he was practically upon it. The plaintiff herself testified that the windshield was more or less covered with snow, and that the last she remembered before the accident she was watching the road ahead by looking through a small clear space at the bottom of the wind-shield. She appears to have suffered a severe head injury, which has left a scar on her face, and also internal injuries involving her glandular functions. The medical evidence is in conflict as to whether or not it is practicable to remove the scar by surgery and also as to the severity and permanence of the internal injuries.

The defendant Mason, in his own behalf, testified that he was driving the truck, with attached trailer, on the

night in question and had left St. Louis about 8:00 P. M.; that he stopped at Edwardsville because his generator refused to work and there procured a new brush for it; that nothing else appeared to be wrong, so he continued his journey through the snowstorm. He testified that when he left Edwardsville all the lights were burning on the truck, including the head-lights, three lights on the cab and four lights on the trailer; that about eight miles north of Edwardsville the motor quit running and the truck stopped on the side of the road; that on examination he found himself unable to move it and that the battery appeared to be run down, and that he did not intend to stop there but did so entirely because of the failure of his engine. He further testified that all of his lights were burning before the collision. It was his testimony that he tried to stop the car in which the plaintiff was riding and waved a spotlight at them, and that the approaching car was traveling at an excessive rate of speed and ran into his truck with considerable force. There was testimony of some other witnesses that they saw lights on the truck after the accident.

Examining the constitutional question, we find that from the earliest history of this State, and under three different constitutions, the legislature has always assumed and exercised the power of determining the venue of transitory actions. So far as we are advised or can learn from an examination of the cases, this is the first time that power has ever been called in question. At common law, and under various statutes, the plaintiff in a case of this kind has always been permitted some latitude and choice as to forum, so it cannot be said that the present act presents anything novel in that respect. Under the present act one of the courts to which the plaintiff may resort is that of the county in which the accident happened. Presumably it was in the legislative contemplation that local geographical and physical surroundings might more readily and conveniently be proved in that court, and also that the witnesses to the oc-

currence would be more readily, certainly and conveniently available. The immediate surroundings of an accident, such as the width, curvature, grade and intersection of streets, the location of physical objects and structures, conditions facilitating or interfering with view, and numerous other local conditions and things, are nearly always necessary matters of proof in this kind of a case. It is conceivable that a law fixing venue might be so arbitrary or unreasonable as to deprive defendants of due process of law, but we can find no such fault with the present act. We therefore feel that the constitutional objection, although properly raised and properly one for the consideration of this court, is without merit, and the action of the trial court in overruling the contention was well founded.

Our review of the evidence leaves it entirely clear that the trial judge had before him conflicting lines of evidence to be weighed and that we should not disturb his findings. If he believed the testimony of the driver of the car and of the plaintiff, it was an entirely sufficient foundation for a finding that the plaintiff was in the exercise of due care for her own safety at the time of the accident. If he believed the plaintiff's witnesses, the truck was without lights and stopped on the slab, when it might with equal convenience and greater safety to the public have been stopped off to one side of the road. There is sufficient evidence for all necessary factual findings, and we cannot see that there has been any such finding that can be said to be contrary to the weight of the evidence or without evidence to support it.

The nature of the plaintiff's injuries and their uncertain outcome are such that we do not consider the judgment excessive, and it will be affirmed.

*Judgment affirmed.*