Vermilion County Good Government League, Inc., a Corporation, Carl Hickman, Jr., et al., Plaintiffs-Appellants, v. Keith J. Smith, as County Clerk of Vermilion County, Illinois, and Board of Education, School District No. 118, Vermilion County, Illinois, Defendants-Appellees.

Gen. No. 10,654.

Fourth District.

November 8, 1965.

271

Unger & Litak, of Danville (John Unger, of counsel), for appellants.

John P. O'Rourke, State's Attorney, and John M. Bookwalter & Myer, all of Danville, for Keith J. Smith, appellee. Wendell W. Wright, Wright and Young, of Danville, for Board of Education of School Dist. No. 118, Vermilion County, appellee.

SMITH, P. J.

Plaintiffs filed their suit against the county clerk of Vermilion County seeking a declaratory judgment that a levy of Danville Consolidated School District No. 118 for junior college educational and building purposes was illegal and void and asked that he be enjoined from extending the tax. The Board of Education obtained leave to intervene in the suit and both the Board and the county clerk filed their separate motions to dismiss. These motions were allowed and the complaint dismissed for the reason that declaratory judgment and injunction were not appropriate remedies under the allegations of the complaint. Plaintiffs elected to stand on their complaint, a judgment in bar of the action was entered and this appeal followed. On appeal to the Supreme Court, that Court found that a procedural question rather than revenue was involved and, on its own motion, transferred the case to us for decision.

The spawning ground of this suit is Ill Rev Stats 1963, c 122, § 13–17.1. By its authority, the Board of

272

Education passed a resolution on May 18, 1964, to levy an additional annual tax of not to exceed .175% rate for educational purposes and not to exceed .075% for building purposes for the maintenance of a junior college then in existence. As required by the statute, the Board published a notice to the voters that a petition might be filed within 30 days requesting a referendum on the proposed increased rates. On June 16, a petition was filed with the secretary of the Board allegedly signed by more than 10% of the voters in the district. On July 15, in an open meeting, the Board found the petition insufficient because unsupported by the jurat of those circulating the petition and voted to certify the levies to the county clerk without a referendum. On September 28, 1964, tax levies of .05% for educational purposes and .075% for building purposes were certified by the Board to the county clerk for the extension of taxes. On November 18, this suit was filed and on November 30, the Board became a party by virtue of its intervening petition.

The motions to dismiss filed by the Board and the clerk alleged a failure to state a cause of action, laches, adequate remedy at law and that a class suit would not lie. The memorandum of the trial judge recognized these several issues, but grounded his dismissal on the non-availability of declaratory judgment and injunction under the circumstances here existing. The complaint alleged the filing of the petition, the duty of the Board to call a special election, its duty not to certify the levy without calling an election and that the Board did "improperly and illegally determine that said petition was insufficient because unsupported by the jurat of the circulators and voted to certify said levies to the county clerk without submission to the voters as required by law . . . ." The petitioners contend that the requirement of the jurat is a Board-made rule devoid of statutory foundation and thus voids the levy and the resultant tax.

273

The statutory requirement is that "if within 30 days after such publication of such notice a petition is filed with the secretary of the school board signed by not less than 10% of the voters of the district" requesting a referendum the Board shall not certify the levy to the county clerk without an approving special election. The statute is silent as to the form, content and dignity of the petition. The record does not contain the petition and we do not have before us what the Board had before it. It seems clear from the pleadings that the jurats of the circulators were wholly lacking.

We deal with a statute which provides for what is sometimes referred to as a "back door referendum", i. e. a power is granted subject to the control of the electorate through election initiated by a petition conforming to the statutory requirements. Since the legislature may authorize school districts to increase rates without any referendum whatsoever, such a referendum is a matter of legislative grace rather than of right. People ex rel. Garwood v. New York Cent. R. Co., 21 Ill2d 315, 172 NE2d 357. It seems clear to us that the agency to whom the petition is directed must act in an administrative rather than a judicial capacity to determine whether the petition conforms to the statute. In discussing a somewhat analogous situation involving a county superintendent of schools it has been held that if a petition appears on its face to conform to the statute, it is the mandatory duty of the superintendent to call an election. People v. Birdsong, 398 Ill 455, 76 NE2d 185. Conversely, if the petition shows on its face that it did not satisfy the requirements of the statute, he should refuse to call the election. Frye v. Hunt, 365 Ill 32, 5 NE2d 398. We can perceive no reason and none has been suggested why a like authority and a like duty did not rest with the Danville Board of Education. Since a referendum under the statute is a matter of grace rather

274

than of right, the duty to call a special election and to abide its results before filing the levy can be fathered only by a valid petition. It imposes no hardship upon petitioners to require them to affirmatively show a valid petition. Without it, the Board is powerless to call an election. Without it, an election so called is void. Trustees of Schools v. Hoyt, 311 Ill 532, 143 NE 59.

▮ It is thus clear that the birthplace of the duty to call an election is a valid petition and that the Board is the statutory agency initially responsible for a determination of its sufficiency. A petition "signed by not less than 10% of the voters of the district" is the legislative requisite for a valid petition. Its validity must appear from the record. It would seem that the jurisdictional pre-requisite might well be established by an appropriate jurat of the circulators. In the alternative, the petition itself, by appropriate allegations, might well establish them. ". . . A petition setting forth that at least fifty persons signing it were legal voters residing in the proposed territory was necessary to authorize the county superintendent to order the election. The presentation of a petition making this allegation was a jurisdictional fact and without it all proceedings of the superintendent were void. Carrico v. People, 123 Ill 198, 14 NE 66." Frye v. Hunt, 365 Ill 32, 5 NE2d 398, 401. Here the jurat was wholly lacking. What the petition itself alleged or contained is not before us. It is apparent that we deal not with a total want of authority in the Board to levy the rates or to act, but its exercise of that authority. ·

▮ An action for declaratory judgment is neither legal nor equitable but is sui generis and the forum depends on the issues involved and the relief sought. ILP Declaratory Judgments § 4. The relief here sought was to enjoin the extension of a tax. Equity has historically been reluctant to turn to equitable relief in tax matters

and it is only under special circumstances that it will do so. Hodge v. Glaze, 22 Ill2d 294, 297, 174 NE2d 873, 874, states the rule thus:

". . . The rule is that unless there exists special grounds for equitable jurisdiction, such as fraud, irreparable injury, or the absence of an adequate remedy at law, equity will act to enjoin the collection of a tax only if the tax is without legal basis, is levied by officials without authority to act, or is laid upon exempt property. (Lakefront Realty Corp. v. Lorenz, 19 Ill2d 415; Owens-Illinois Glass Co. v. McKibbin, 385 Ill 245; Ames v. Schlaeger, 386 Ill 160.) . . ."

The trial court correctly observed that the tax levied was specifically authorized by § 13–17.1 of the School Code and was levied and certified by the proper taxing body. There was no want of authority. In Hodge, the complaint was that the Sangamon County board of review did not comply with the applicable statute in establishing the multipliers for Woodside Township. In disposing of the matter, the Supreme Court said at page 298: ". . . Thus, the issue here concerns, not the lack of authority, but the exercise of that authority by the duly constituted taxing officials, and in our opinion is not sufficient to justify equitable intervention. . . ." This, in our judgment, is controlling here. In view of this holding, it is not necessary to consider the question of mootness or the propriety of amendment in this Court.

Accordingly, the judgment of the trial court should be and it is affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.