MINNIE GLAZER *et al.*, Plaintiffs-Appellees, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

(No. 55058; 

First District—February 24, 1971.

*Rehearing denied April 14, 1971.*

Beverly & Pause, of Chicago, (Frank J. Pause, William E. Shelley, and Dom J. Rizzi, of counsel,) for appellant.

Lowell Myers, of Chicago, for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Minnie Glazer and her two minor children, Susan Ralsky and Steven Glazer, were injured in a multiple vehicle automobile accident on the Kennedy Expressway. Mrs. Glazer maintained that the accident was caused by a hit-and-run vehicle, and she filed a claim for her children and herself under the uninsured motorist provisions of her automobile liability insurance policy. Her insurer, Country Mutual Insurance Companl (hereafter Country Mutual), rejected the claim. She then demanded in writing to have the claim submitted to arbitration, but Country Mutual refused on the ground that Mrs. Glazer had not complied with the policy's notice requirements.

Mrs. Glazer then instituted this proceeding on her own behalf and on the behalf of her two minor children to compel Country Mutual to submit to arbitration. Country Mutual in its answer denied that Mrs. Glazer had made a proper and timely claim and denied that a hit-and-run vehicle was involved in the accident. After a trial without a jury, the trial judge held in favor of the plaintiffs and found specifically that the accident was caused by a hit-and-run vehicle which struck Mrs. Glazer's car. The trial judge ordered Country Mutual to submit to arbitration within ten days and retained jurisdiction to enter judgment on any arbitration award. From this judgment and order Country Mutual has taken this interlocutory appeal pursuant to Supreme Court Rule 307. The Court further found there was no just reason for delaying enforcement or appeal of this judgment and decree. No questions are raised on the pleadings.

To be afforded coverage under the hit-and-run portions of the unin-

sured motorist provisions in her insurance policy and consequently to be entitled to have her claim submitted to arbitration Mrs. Glazer must show (1) that there was physical contact between her car and the hit-and-run vehicle, (2) that the identity of the owner or operator of the hit-and-run vehicle is unascertainable, and (3) that proper and timely notice of the accident and claims was given to Country Mutual. On appeal, Country Mutual contends (1) that Mrs. Glazer did not prove that there was physical contact between her car and a hit-and-run vehicle, and (2) that the evidence does not justify the judgment of the trial court.

We first summarize the pertinent evidence. The accident occurred at about 9:00 P.M. on November 11, 1968. All of the automobiles involved were travelling northwest on the Kennedy Expressway near the Montrose exit. At the point where the accident occurred there were six lanes for northbound traffic. Three lanes continued as the Kennedy Expressway and three lead to the Edens Expressway.

Minnie Glazer, who is a deaf mute, testified at trial with the assistance of a court appointed interpreter. She stated that she was driving her 1966 Mercury on the Kennedy Expressway when a vehicle which was attempting to pass her on the right struck her car on the right front corner. She remembered that her car began to spin and that it started to strike another car. She then passed out, and when she awoke, she was in the hospital. She did not know the identity of the owner or operator of the other car.

Susan Ralsky, who was fourteen years old on November 11, 1968, testified that she was sitting in the right front seat of her mother's car at the time of the accident. In response to a request to describe how the accident occurred she stated, "My mother was driving northwest on the Kennedy Expressway, and another car came up and hit the right front corner of our car, and my mother lost control of the car and started spinning around, and then it went—a whole bunch of other cars hit my mom's car, and it hit the guard rail—the shoulder in the middle." She further testified that the other car continued without stopping and that she was unable to gets its license number. After the accident she was taken to a hospital, and later in the evening while still there she described the accident to a police officer. About a week after the accident, she gave a signed statement to an investigator from Country Mutual who had come to her home. During cross-examination she examined the statement and admitted that the statement contained no reference to a hit-and-run vehicle. On redirect examination she testified that the statement was in the handwriting of the investigator and that she did not know whether the investigator had written down everything which she

told him. On recross examination she denied that she had read the statement before signing it.

Norman Glazer testified that he inspected the car on the day after the accident. He found that the entire front had been demolished and that the motor had been moved back. Later he sold the car for $125.00.

Dilbert Huckeby, a witness on behalf of the defendant, testified that at about 9:15 on November 11, 1968, he was driving his 1960 Ford on the Kennedy Expressway near the Montrose exit in the third lane of traffic left of the median. He saw the traffic ahead of him slow down, and when he hit his brakes, his car was struck in the right rear by an automobile which he later learned belonged to Mrs. Glazer. After the impact the Glazer car veered to the left, and his car swerved to the right and was struck two more times—once in the fourth lane from the left of the median by a car driven by Delrita Droese and once in the fifth lane from the left of the median by a car driven by Timothy Anderson. When asked whether there were any automobiles involved in the accident other than the three which struck him, he replied, "None." On cross-examination he stated that as he hit his brakes he looked through his rear view mirror and he saw the Glazer car "on my tail." He stated to the judge that he had made a claim for property damage against Mrs. Glazer's insurance company, and that Country Mutual had promptly paid him $175.00.

Timothy Anderson testified that he was driving his 1965 Ford station wagon in the fifth lane from the median on the Kennedy Expressway when his automobile collided with a car driven by Delrita Droese. This collision was a part of the same chain of collisions in which Minnie Glazer was involved. He did not see the start of the accident and when he first saw Mrs. Glazer's car, it was spinning around and proceeding against traffic. He did, however, see a chain of collisions and he stated, "While I did not see whether or by whom the Glazer's car may have been hit, I did observe but could not identify cars which could have been in collisions during the accident, the damage to which was slight, leaving the scene of the accident before the police arrived."

Arthur Hanke, an experienced police officer, testified that he arrived at the scene of the accident just as Mrs. Glazer was getting into an ambulance. He found the Glazer car facing in a westerly direction up against a concrete abutment. The front of the car was damaged extensively and there was scraping damage along the entire left side of the car. After completing his investigation at the scene, he went to the Belmont Hospital to interview Mrs. Glazer. Mrs. Glazer insisted that she had been struck on the right by another vehicle. He, therefore, re-

turned to the scene and reinspected Mrs. Glazer's car, but he found no marks on the right side of the car.

Lamoine Martinson, who in 1968 was employed as an insurance adjuster for Country Mutual, testified that he interviewed Susan Ralsky in November of 1968 and that from the information he obtained he prepared a written statement which she read and signed. On cross-examination he stated that even though Susan told him that she recalled a bump or impact to the right side of the car before her mother lost control, he never asked her what caused the bump.

Country Mutual contends that there is not sufficient evidence to establish that Mrs. Glazer's car made physical contact with a hit-and-run vehicle. It argues first, that "[t]he uncontrovertible physical facts belie a conclusion that the plaintiff was hit or bumped on the right side by another automobile." It argues second that "[i]f the plaintiffs' automobile was, in fact, hit or bumped on the right side by a hit-and-run vehicle not only would there have been some physical evidence of that fact, but the phantom automobile would have been seen by the other drivers or it would have made contact with their cars." It then concludes that "[t]he indisputable physical facts and the testimony of the drivers of the other automobiles involved in the accident manifest that the plaintiff's claim of physical contact with a hit-and-run vehicle is either mistaken or false."

There is a direct conflict between the inferences based on the evidence suggested by Country Mutual and the direct testimony of Minnie Glazer and Susan Ralsky. The role of the trial judge when sitting without a jury is to determine the credibility of those witnesses appearing before him and to resolve conflicts in the evidence. *Schulenburg v. Signatrol Inc.*, 37 Ill.2d 352, 226 N.E.2d 624. A reviewing court will not reverse a judgment based upon a trial judge's findings of fact unless all the evidence taken in its aspect most favorable to the prevailing party so overwhelmingly favors the other party that no contrary judgment based on the evidence could ever stand. *Country Mutual Insurance Company v. Murray*, 97 Ill.App.2d 61, 239 N.E.2d 498. See *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. Applying this standard to the present appeal, we are of the opinion that the findings and judgment of the trial judge are amply supported by the evidence.

■■ Mrs. Glazer testified directly that a vehicle struck her car on the right front corner and that thereafter her car spun around. This testimony was corroborated by her daughter, Susan. Officer Hanke confirmed that Mrs. Glazer insisted on the night of the accident that a hit-and-run vehicle was involved. Timothy Anderson confirmed that Mrs. Glazer's car was spinning and that automobiles which were involved in the ac-

cident left the scene before the arrival of the police. We recognize that Officer Hanke testified that there were no marks on the right side of the Glazer's car, but in view of the fact that the entire front end of the car was smashed in we do not believe that Officer Hanke's testimony about the right side of the car is sufficient to compel us to disregard the direct testimony concerning the corner of the car. On the record before us we cannot conclude that all the evidence so overwhelmingly favors Country Mutual that no contrary findings and judgment could stand.

■■ Mrs. Glazer petitioned in her brief to have us make a special finding that this appeal was taken by Country Mutual "as a needless extension of baseless litigation" so that under Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 41) she would be entitled to obtain reimbursement for reasonable attorney fees necessitated by the appeal. See *Manchester Insurance and Indemnity Co. v. Strom*, 122 Ill.App.2d 183, 258 N.E.2d 150. We have carefully considered the petition, but in view of the nature of this action we do not believe that this is the appropriate time to make such a finding. It should be noted that our denial of the petition at this time does not preclude the trial judge from considering a similar motion at the conclusion of these proceedings. We have also considered Country Mutual's motion to strike Mrs. Glazer's brief and find the motion to be without merit.

Accordingly the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.