William J. O'Brien, Plaintiff-Appellant, v. Country Mutual Insurance Co., an Illinois Corporation, Defendant-Appellee.

Gen. No. 52,493.

First District, Third Division.

January 9, 1969.

 Judgment reversed and
cause remanded with directions.

Morgan, Halligan, Lanoff & Cook, of Chicago (John A. Cook and James T. Ryan, of counsel), for appellant.

Kenneth L. Horky, of Chicago (Delbert T. Been, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sues the defendant insurance company on a casualty insurance policy covering loss to plaintiff's barn. The trial court sustained defendant's motion to dismiss the suit on the ground that it was not filed within the 12-month limitation period set forth in the policy. Plaintiff's motions to vacate the order of dismissal and for leave to file an amended complaint were denied and he thereupon appealed. He contends that defendant waived the limitation provision. The facts follow.

The policy was issued on November 10, 1961. It contained the following provision:

> "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of loss."

On May 8, 1964, the roof on plaintiff's barn was damaged in a windstorm and within 60 days plaintiff reported his loss to defendant. Defendant did not dispute the fact that it was liable for the loss, but denied that the loss was as great as plaintiff claimed. On January 3, 1967, plaintiff filed suit. Defendant made its motion to dismiss on February 14, 1967, and the court sustained the motion on March 10, 1967. Plaintiff's motion to vacate the order of dismissal and for leave to file an amended complaint were denied.

The amended complaint tendered by plaintiff alleged the following facts: After plaintiff reported his loss to the defendant, he and defendant engaged in a course of prolonged negotiations. On May 6, 1965 (363 days after the loss) the defendant in furtherance of such negotiations sent plaintiff a letter in which it offered to settle the claim for $102.88. On July 30, 1965, defendant sent plaintiff another letter offering to settle for $141.33. Plaintiff further alleged that he was not represented by an attorney and that as a result of the prolonged negotiations he was induced to believe that reasonable hope of adjustment was in prospect and he was thereby dissuaded from filing suit. The court denied plaintiff's motions and plaintiff thereupon took this appeal. The sole issue for our consideration is whether plaintiff's amended complaint alleged facts which if proven established a waiver by the insurance company of the 12-month limitation provision in the policy.

The law is clear that subject to statutory regulations a party to an insurance policy may contract to limit the time within which action on the policy may be brought. Downing v. Wolverine Ins. Co., 62 Ill App2d 305, 210 NE2d 603. It is also clear however that rights under a contractual provision limiting the time within which an action may be brought may be lost by waiver on the part of the insurer. Allemania Fire Ins. Co. v.

Peck, 133 Ill 220, 24 NE 538; Downing v. Wolverine Ins. Co., supra; North American Acc. Ins. Co. v. Williamson, 118 Ill App 670. Such provisions, working a forfeiture when upheld, produce harsh results. The courts therefore do not require strong proof of a waiver. Covenant Mut. Life Ass'n v. Baughman, 73 Ill App 544; North American Acc. Ins. Co. v. Williamson, supra; German Fire Ins. Co. v. Carrow, 21 Ill App 631. In Phenix Ins. Co. v. Belt R. Co., 82 Ill App 265, the court said, at 271:

> "In order that such a defense may be considered waived, or the insurance company debarred from making it, though not in a strict sense estopped by acts in pais, strong proof is not required of waiver, nor is it necessary that the proof should establish facts equivalent to a technical estoppel, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be interposed."

When an insurance company, by holding out reasonable hope of adjustment, deters an insured from bringing suit within the time limits of the policy, such limitation is thereby waived. Allemania Fire Ins. Co. v. Peck, 133 Ill 220, 24 NE 538; Peoria, Marine & Fire Ins. Co. v. Whitehill, 25 Ill 466; Downing v. Wolverine Ins. Co., supra; Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565. Once the insurer waives the policy limitation provision, the limitation cannot be revived and the case will be barred only by the regular statutory limitation. Illinois Live Stock Ins. Co. v. Baker, 153 Ill 240, 38 NE 627.

In the instant case the plaintiff alleged in his complaint that the defendant made an offer of settlement two days before the 12 months expired and then made a larger offer over two months after the limitation period had expired. The plaintiff specifically alleged that because of those negotiations he was given reasonable hope of adjustment and was deterred from filing suit.

24

These allegations if proved would establish a waiver on the part of the insurer. Downing v. Wolverine Ins. Co., 62 Ill App2d 305, 210 NE2d 603; Allemania Fire Ins. Co. v. Peck, 133 Ill 220, 24 NE 538.

The trial court erred in denying plaintiff's motion for leave to file an amended complaint. The judgment accordingly is reversed and the cause is remanded for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.