Safeway Insurance Company, Plaintiff-Appellant, v. Jessie Parker and Eddie Mae Gardner, Defendants-Appellees.

Gen. No. 52,412.

First District, Third Division.

January 23, 1969.

Rehearing denied February 17, 1969.

John Narusis, Jr., of Lazzara, Narusis & Stimson, of Chicago (John Narusis, Jr., of counsel), for appellant.

James M. P. D'Amico, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order denying plaintiff's motion to vacate an arbitration award. Plaintiff contends that the arbitrators exceeded their powers by deciding

that the defendants were covered under the uninsured motorist provision of a policy issued to defendant Jessie Parker and that the award should be vacated pursuant to the provisions of the Arbitration Act. Ill Rev Stats, c 10, § 112 (1967). The facts follow.

On May 16, 1965, defendants Jessie Parker and Eddie Mae Gardner were driving north on the Dan Ryan Expressway. An unidentified motorist swerved into their lane, forcing them to crash into a guardrail. There was conflicting evidence as to whether or not the unidentified motorist actually struck defendants' car. The insurance policy in force provided coverage for damages caused by uninsured motorists. It provided that the term "uninsured motorist" included a "hit-and-run automobile [which] means an automobile which causes bodily injury to an insured arising out of *physical contact* . . . with an automobile which the insured is occupying." (Emphasis ours.) It further provided that in the event the insurer and insured could not agree that the insured was legally entitled to recover or could not agree upon the amount due under the policy, the matter would be submitted to binding arbitration. It did not provide, however, for arbitration of the question of coverage.

Plaintiff filed a petition for a declaratory judgment asking the court to find that the accident in question was not within the coverage of the uninsured motorist provision and therefore was not subject to arbitration. The petition was denied and the court ordered plaintiff to proceed to arbitration. The arbitrators found for defendants and assessed damages of $6,000 for Parker and $2,700 for Gardner. The court denied plaintiff's motion to vacate the award and plaintiff has appealed.

■ Section 112 of the Illinois Uniform Arbitration Act provides:

"§ 112(a). Upon the application of a party, the court shall vacate an award where:

209

" . . .

"(3) The arbitrators exceed their powers;"

(Ill Rev Stats, c 10, § 112(a) (3) (1967).)

The scope of the arbitrators' power is determined by the arbitration agreement between the parties and the "parties are bound to arbitrate only those issues which by clear language they have agreed to arbitrate." Flood v. Country Mut. Ins. Co., 41 Ill2d 91, 242 NE2d 149, reversing the decision of the Appellate Court in 89 Ill App 2d 358, 232 NE2d 32; Liberty Mut. Fire Ins. Co. v. Loring, 91 Ill App2d 372, 235 NE2d 418.

The arbitration agreement in the instant case provided that the parties would submit to arbitration disputes "as to whether the insured or [his] representative is legally entitled to recover such damages, and if so, the amount thereof." In the Flood case, supra, the Supreme Court of Illinois considered the scope of an arbitration agreement similar to the one involved here and held that arbitration was limited to the issue of the liability of the uninsured motorist to the insured and the amount thereof and that it was for the court to determine the issue of coverage raised by the insurance company.

The arbitrators in the instant case decided the identical issue which the Supreme Court held in the Flood case was not subject to arbitration. Accordingly the trial court should have allowed plaintiff's motion to vacate the arbitrators' award. The trial court's order denying plaintiff's motion to vacate is reversed and the cause is remanded for the purpose of hearing and determining the issue of coverage and for such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.