The inquiry into Scanlon's selection of pictures was initiated by the defense, but his testimony that he picked out pictures other than Hanson's was elicited by the State. The State was responsible for this damaging admission, not the defense. In questioning the officer about the selection, the State was endeavoring to rehabilitate its case even though this meant impeaching its own witness. The officer's testimony did not repeat what was already proven, it contradicted Scanlon's testimony. It was not offered to rebut defense evidence, it was offered to bolster Scanlon's in-court identification of the defendant.

The testimony was inadmissible and, in this case, extremely prejudicial. The judgment is therefore reversed and the cause is remanded.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.

BEN ANDERSON, Plaintiff-Appellee, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

(No. 56514; ▮▮▮▮▮▮▮

First District (3rd Division)—March 1, 1973.

PER CURIAM.

Parrillo, Sims & Bresler, of Chicago, (David J. Weiss, of counsel,) for appellant.

Harold S. Lee, of Chicago, for appellee.