THE BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT No. 508, COUNTY OF COOK, Plaintiff-Appellee, *v.* THE COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, *et al.*, Defendants-Appellants.

(No. 59727;

First District (4th Division)—September 25, 1974.

J. Dale Berry, of Kleiman, Cornfield & Feldman, of Chicago, for appellants.

Roger J. Kiley, Jr., Ltd., of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendants, the Cook County College Teachers Union, Local 1600, *et al.*, appeal from an order entered on August 6, 1973, in the Circuit Court of Cook County, granting summary judgment for the plaintiff, Board of Trustees of Junior College District No. 508. The order modified

a prior award in favor of the Union in an arbitration proceeding between the parties.

The issues presented for review are whether the court had authority to modify the arbitration award based on a ground that the arbitrator exceeded his authority, and whether the arbitrator's award of back pay to certain members of the Union for which no services were required to be performed was an illegal expenditure because it constituted a gift of public funds.

The parties have been involved in a collective bargaining relationship since 1967. The Union's grievance, filed on June 11, 1971, alleged the Board had violated the provisions of Article VIII of the collective bargaining agreement, which established a procedure for equalizing the distribution of extra work assignments among the faculty. It provided for teachers to work on a rotational basis so that every teacher received an equal opportunity to perform extra work. In the summer of 1971, certain teachers were passed over in favor of other teachers who were behind them on the rotational scale. These teachers, who were passed over, filed a grievance which was ultimately arbitrated before the American Arbitration Association as provided by the agreement.

The arbitrator expressly found the teachers could be made whole only by receiving retroactive compensation for the income lost to them during the 1971 summer session as a result of the Board's failure to comply with its contractual obligations.

On June 23, 1973, the Board made application to the Circuit Court of Cook County for declaratory relief and modification of the arbitrator's award, and on August 6, 1973, the court granted summary judgment in favor of the Board and modified the arbitrator's award by directing the teachers be required to perform extra work in the future instead of receiving back pay with no obligation to perform extra work.

The defendants first contend the lower court was without authority to modify the arbitration award because there was no showing the arbitrator decided questions that were not submitted to him, or that the award was obtained by fraud or misconduct. By implication they are contending that an arbitration award pursuant to a collective bargaining agreement cannot be modified because the arbitrator exceeded his power.

The conditions for vacating or modifying an arbitration award are set forth in section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1971, ch. 10, § 112) which provides in part:

"(a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

\* \* \* \*"

However, subsection (e) provides that these grounds for modification do not apply to collective bargaining agreements, and that one must look to prior law to ascertain the grounds:

"(e) Nothing in this Section or any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is a part of or pursuant to a collective bargaining agreement; and the grounds for vacating, modifying, or correcting such an award shall be those which existed prior to the enactment of this Act."

The defendants contend the grounds which existed prior to the enactment of the Uniform Arbitration Act are to be found in the prior Act of 1917, rather than in the common law. Section 11 of that Act provides:

"If any legal defects shall appear in the award or other proceedings, or if it shall appear that the award is not sustainable under the opinions of the court upon questions of law under section 6 of this Act, the court may set aside such award \* \* \* to the reconsideration of the said arbitrators; or, if it shall appear, on oath or affirmation that said award was obtained by fraud, corruption or other undue means, or that such arbitrators misbehaved, said court may set aside such award." Laws of Illinois 1917, pp. 203-204.

Because section 11 does not provide for the vacation of the arbitrator's judgment by reason of his exceeding his power, the defendants contend it was error for the court to modify the award.

However, in the case of *Board of Education v. Champaign Education Association* (1973), 15 Ill.App.3d 335, 340, the court stated that section 11 could not be relied upon:

"We find the Association's reliance upon the grounds for vacating arbitration awards contained in the 1971 Act, which was explicitly repealed by the enaction of the Uniform Arbitration Act in 1961, without merit. Not only was that Act repealed, none of its terms were expressly re-enacted or extended and even if they were, its general language of 'legal defects' would clearly seem to permit vacating awards entered by an arbitrator acting without authority

as is the case under both common law and the Uniform Arbitration Act. Where an arbitrator exceeds the power granted to him by the agreement between the parties, his decision is void and unenforcible [*sic*] to the extent such powers were exceeded."

■■ Therefore, it is the common law which governs the trial court's authority and not section 11 of the 1917 Act, and it is clear the common law provides that an arbitration award can be reviewed by the courts where an arbitrator exceeded his authority. *County Mutual Insurance Co. v. National Bank of Decatur* (1969), 109 Ill.App.2d 133; *Board of Education v. District 228, Joint Faculty Association* (1972), 4 Ill.App.3d 143.

■■ The defendants assert the award of back pay did not constitute a gift of public funds for which the arbitrator could be deemed to have exceeded his authority. In *Steelworkers v. Enterprise Wheel* (1960), 363 U.S. 593, The Supreme Court held that arbitrators could award back pay, and Illinois courts have held that public employees who have been wrongfully deprived of work are entitled to the remedy of back pay. *People ex rel. Bourne v. Johnson* (1965), 32 Ill.2d 324; *Kelly v. Chicago Park District* (1951), 409 Ill. 91.

The defendants also cite the case of *Antonopoulou v. Beame* (1973) 32 N.Y.2d 126, 343 N.Y.S. 2d 346, for the proposition that awarding back pay without requiring extra work is not a gift of public funds. In that case a full-time college lecturer was awarded back pay when it was held that she was illegally prevented from returning from a maternity leave. The court specifically rejected the argument that back pay without rendering service was a gift. The court reasoned that a legal obligation to pay could not be considered a gift of public funds.

However, in that case the circumstances were such the teacher could be made whole only by receiving back pay because she was deprived of doing what she had a contract to do. In the instant case the arbitrator's award made the defendants more than whole because there was no contractual right to teach during that summer. The defendant's contract only provided for the opportunity to do extra work as it became available, it did not provide for teaching during a specified period of time. This is not a wrongful denial of full-time non-reoccurring employment.

Therefore, to be made whole, the defendants were entitled to no more than the opportunity to teach extra courses whenever they became available. Because the defendants would have preferred to do their extra teaching during that particular summer is of no legal consequence because the contract did not provide for it.

Article 8, § 1, of the Illinois Constitution of 1970 provides:
"(a) Public funds, property or credit shall be used only for public purposes.
(b) The State, units of local government and school districts shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance."
In this case, the order to pay money out of tax revenues to teachers for no work performed where the work could be performed without financial prejudice to the grievants is tantamount to a gift of public monies within the prohibition of the constitutional provisions.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.