STEFANOS VASILAKIS *et al.*, Plaintiffs-Appellees, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)    No. 63165

Opinion filed January 27, 1977.—Rehearing denied March 18, 1977.

Parrillo, Bresler, Weiss & Moss, of Chicago (Robert Parrillo, of counsel), for appellant.

Merwin Auslander, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs filed suit for specific performance to compel the defendant insurance company to comply with the arbitration clause of the uninsured motorist provisions of an automobile insurance policy issued by defendant to plaintiff Vasilakis. The trial court found that the arbitrator whom defendant had appointed was an interested party and ordered defendant to remove him and select another person to act as arbitrator. A second order was later entered estopping defendant from raising the issue of coverage. Defendant appeals only from the order finding that an estoppel has arisen.

The pertinent facts are not now in dispute. Defendant issued plaintiff

Vasilakis an automobile insurance policy on July 10, 1971. The policy contained, *inter alia*, provisions relating to uninsured motorist coverage which allowed either defendant or the insured to demand arbitration in the event of disagreement over the resolution of a claim.*

On September 25, 1971, plaintiffs, while in Vasilakis's automobile, were struck by a vehicle operated by a person named Larry Carver. On September 6, 1972, the Illinois Department of Transportation informed plaintiffs' attorney that Carver had not submitted evidence of financial responsibility. Shortly thereafter, on September 21, 1972, defendant's claims manager wrote to plaintiffs' attorney instructing plaintiffs to complete a claim form, give a statement under oath to defendant's attorneys, and submit to a physical examination by a physician designated by defendant. The letter also advised plaintiffs that defendant had chosen John Moss as its arbitrator, and concluded by stating:

> "Please be further advised that the above requests and the naming of an arbitrator and any other actions taken in regard to the above captioned matter are not to be construed as a waiver of the requirement that the above named individual(s) must come within the coverage by sustaining the burden of proving (1) there was contact in the case of a hit and run accident, or (2) the adverse driver was not covered by public liability insurance at the time of the accident."

From the record, it appears that plaintiffs complied with defendant's instructions.

On June 8, 1973, plaintiffs filed suit for specific performance. The complaint, after setting forth the contract of insurance and the facts of the collision, alleged that John Moss was a member of the law firm of Parillo, Sims and Bresler, that such firm represents defendant, and that the senior partner of the firm owns a controlling interest in defendant company. The prayer for relief asked the court to compel defendant to select a

---

* The policy provided:

"*Arbitration.* If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law."

disinterested arbitrator, and further requested the court to select the third arbitrator. Defendant's answer, filed July 20, 1973, denied, *inter alia,* that Carver was an uninsured motorist at the time of the collision with plaintiffs. This was the first instance in which defendant had specifically indicated that it was disputing coverage under its policy.

On October 24, 1973, following a hearing, the court found that John Moss was an interested party and therefore disqualified to act as an arbitrator, and ordered defendant to select another arbitrator not associated with defendant's attorneys. On January 10, 1975, the court held a rehearing and sustained its previous order.

In the fourteen month interim between the two hearings, correspondence was received from the Illinois Secretary of State's Office indicating that a hearing had been held for Larry Carver and that in accordance with the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1971, ch. 95½, par. 7—201 *et seq.*) his driving privileges were suspended.

On September 25, 1975, plaintiffs filed a petition asking the court to award costs incurred by plaintiffs in preparation for the arbitration hearing. Plaintiffs alleged that defendant falsely stated to the arbitration panel that the two parties had agreed that the question of whether the third-party tortfeasor was uninsured at the time of the accident would be submitted to them for determination, and that defendant refused to proceed to arbitration unless it was agreed that the question of coverage was so decided. Further, plaintiffs asked the court to find that defendant was estopped from denying coverage. Following a hearing, the court found that defendant was estopped.

On appeal, defendant's sole contention is that the trial court erred in making this finding.

■■ Initially, we note that the arbitration agreement between the parties governs the scope of the arbitrator's power. (*Safeway Insurance Co. v. Parker* (1969), 105 Ill. App. 2d 208, 245 N.E.2d 75.) The issues subject to arbitration are governed by the agreement, and the parties are bound to arbitrate only those issues which by clear language they have agreed to arbitrate. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) In *Flood,* a virtually identical arbitration provision was held to be limited to the issues of the liability of the uninsured motorist to the insured and the amount thereof. Here, plaintiffs similarly were not bound to submit the question of coverage under the policy to arbitration. Rather, this question was properly one for determination by the trial court.

■■ Resolution of the question of coverage, however, may in certain circumstances be made unnecessary. One may be estopped to assert rights otherwise accruing where one's voluntary conduct has been such as to have caused another party, against whom those rights are sought to be

asserted, to have relied upon such conduct and to have altered his position for the worse. (*Anderson v. Safeway Insurance Co.* (1973), 10 Ill. App. 3d 597, 295 N.E.2d 117.) Strong proof is not required to show a waiver of a policy defense, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be interposed. (*Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 3d 615, 313 N.E.2d 673.) In *Kenilworth,* the considerations involved in determining the issue of estoppel were set forth:

> "[A]n insurer may waive a policy defense by continuing under a policy when it knows,. or in the exercise of ordinary diligence, could have known the facts in question giving rise to the defense. (Citations.) If the insurance company is fully advised of the facts bearing on its policy defense and does not then insist on noncoverage but recognizes the continued validity of the policy by requiring the insured to go to the trouble and expense, if any, of preparing proofs of loss and related matter, an intention to waive the policy defense would follow. [Citations.]" 20 Ill. App. 3d 615, 620, 313 N.E.2d 673, 677.

■■ In the present case, defendant did nothing to indicate to plaintiffs that it would contest the question of coverage until shortly before the limitations period was to expire against the tortfeasor. When defendant finally did deny coverage it did not specify what it considered to be the insufficiency of proof pertaining to Carver's uninsured status. Meanwhile, plaintiffs were complying with all of defendant's instructions. Furthermore, it was not until almost one year after the tortfeasor's noninsured status was disclosed, during which time the parties were proceeding towards arbitration, that defendant denied coverage. While a long delay in asserting a policy defense or disclaimer is normally not enough to constitute an estoppel or waiver, such delay is an important factor to be considered where there is evidence of prejudice. The length of delay is an element in determining the reasonableness or fairness of the insurer's conduct towards the insured. *Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 2d 619, 313 N.E.2d 673.

Defendant's reliance on its letter in which it stated that it did not waive the issue of coverage is misplaced. In *Anderson v. Safeway Insurance Inc.* (1973), 10 Ill. App. 3d 597, 295 N.E.2d 117, a similar issue arose. The insurer's claims manager advised the insured's counsel that satisfactory proof of the third-party tortfeasor's uninsured status was insufficient. Similar documentation as in the instant case had been presented to the insurer. The insured then fully complied with requests of the insurer to give a statement and submit to a physical examination, and designated an arbitrator. It was held that the insured could have been lulled into the belief that the insurer intended to arbitrate those matters called for by the

insurance contract, namely, damages and liability, and that coverage would not be challenged.

■■■ As in *Anderson*, the case at bar involves a situation where the defendant initially expressed reservations concerning the adequacy of proof pertaining to the uninsured status of the third party tortfeasor. Defendant's conduct in requiring plaintiffs to submit to various examinations and its further actions in proceeding to arbitration, and the additional circumstances involved in this case, estops defendant from subsequently contesting its liability under the uninsured motorist provisions of the policy. An insurer's letter setting forth its non waiver of the issue of coverage is not, under all circumstances and conditions and at all times, a shield against responsibility to an insured.

■■ The facts in the present case indicate that defendant waited until suit was brought against it to deny coverage. No reason for the ten month delay has been proffered. Rather, defendant contends that such delay does not create an estoppel, citing *Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 321 N.E.2d 285, in support. However, *Horn* dealt with whether an estoppel had arisen by virtue of the insurer stating that "[j]ust as soon as we have the reports and final medical bills, we will process your claim for payment." It was held that this did not constitute an unqualified representation to pay any claim that may be asserted. Also, *Horn* held that the insured could not complain of unreasonable delay since he did not furnish the requisite information nor even file a claim for 18 months. In contrast, the plaintiffs in the instant case filed claims as quickly as possible after ascertaining the uninsured status of the tortfeasor, and promptly and fully comply with all instructions.

For the above stated reasons, the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.