STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. MARY GRAY *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—90—1099

Opinion filed March 15, 1991.

Daniel F. Murray, of Chicago, for appellants.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Roger Leroy, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, brought an action seeking a declaratory judgment of its rights and obligations under an automobile insurance policy for uninsured motorist

coverage issued to defendant, Mary Gray. The trial court granted summary judgment in favor of plaintiff, finding that plaintiff was not precluded from asserting the defendants' late notice of the claim as a basis for denial of coverage under the policy. On appeal, defendants contend that the trial court erred in finding that plaintiff had not waived its right to assert the late notice as a defense.

The record reveals that defendants Mary Gray, Hattye Hayes, and Evelyn Aguillard were involved in an automobile accident on September 22, 1982. When the accident occurred, Gray was driving a vehicle that she did not own. The policy under which Gray was insured provided that an insured must give notice of an accident or loss as soon as reasonably possible, and when claiming uninsured motorist coverage, the insured must report the accident to the police within 24 hours and to the plaintiff within 30 days. The insured was also obligated to allow plaintiff to view the automobile which was involved in the accident.

Defendant Gray reported the incident to her State Farm agent by telephone on August 9, 1984, nearly 23 months after the accident occurred. On August 14, 1984, plaintiff sent Gray a "request for claim service and non-waiver of rights" form. Plaintiff's cover letter indicated that this form was required before plaintiff could investigate the claim and decide whether or not Gray had coverage for the August 1982 accident.

On August 22, 1984, defendants, through their attorney, sent a letter to plaintiff making a claim under the terms of the uninsured provisions of the policy issued to defendant Gray. On August 29, 1984, plaintiff sent a letter to defendants' counsel indicating that it required the executed "non-waiver of rights" form in order to investigate whether or not Gray was covered for the August 1982 accident.

Gray executed the "non-waiver of rights" form which provided that plaintiff may have no obligation to defend or indemnify her for claims arising out of the August 1982 accident based upon the late notice of the incident and because the vehicle involved in the accident may not have been covered under the policy. This document specifically stated that plaintiff reserved its right to deny coverage under the policy. Sometime after the plaintiff's letter of August 29, 1984, Gray returned the executed "non-waiver of rights" form to plaintiff.

On October 3, 1984, plaintiff sent a letter to defendants' counsel which stated, *inter alia*, "we have finished our investigation regarding the question as to whether or not we would be able to afford Ms. Gray coverage under [the] policy [issued to her]. We will be able to afford coverage to Ms. Gray under her uninsured motorist provision."

In a subsequent letter dated July 24, 1985, plaintiff advised defendants' counsel that the claim under Gray's policy was "still under investigation," and a claim service representative would contact him when the investigation was completed.

In December 1985, defendants' counsel made a demand for arbitration of the uninsured motorist coverage claims. Plaintiff responded to this demand in February 1986, by advising defendants' attorney that sworn statements of the defendants were sought in an effort to resolve the coverage issues arising from the late notice and the question of whether or not there was any contact with the alleged "hit-and-run" vehicle. Plaintiff's counsel advised that if the sworn statements indicated that there was coverage, then the statements would be used in the uninsured motorist arbitration. If it was determined that there was no coverage, then the statements would be used as discovery depositions in any declaratory judgment action that plaintiff might bring.

The statements of defendants Gray and Aguillard were taken on June 30, 1986, and defendant Hayes' statement was taken on December 1, 1986. When each statement was taken, plaintiff's counsel stated on the record that the statements would serve as depositions in the event a declaratory action was filed and, in the alternative, as sworn statements if the plaintiff determined that coverage was available. Counsel for defendants acknowledged that the sworn statements were being taken for these purposes.

In a letter dated March 12, 1987, plaintiff advised defendants' attorney that coverage under the uninsured motorist provision of Gray's policy was denied because there was no evidence of physical contact with the alleged "hit-and-run" vehicle.

On September 14, 1987, defendants' counsel made a second demand of plaintiff for arbitration of the uninsured motorist coverage claims. Plaintiff again denied coverage on October 8, 1987, and advised that defendants' request for arbitration was refused.

On February 16, 1989, the American Arbitration Association informed plaintiff that defendants had demanded arbitration of their claims under its auspices. Plaintiff advised the American Arbitration Association that it refused to arbitrate defendants' claims because no uninsured motorist coverage was available under the policy issued to Gray. Plaintiff indicated further that it intended to file a declaratory judgment action to resolve the coverage issues and would participate in arbitration proceedings only after a court had determined that there was coverage under the subject policy.

Plaintiff filed its complaint for declaratory judgment on March 28, 1989, alleging in count I that no uninsured motorist coverage was available because the accident of September 22, 1982, did not involve an uninsured motor vehicle or a "hit-and-run" vehicle which struck the vehicle occupied by defendants, and in count II that defendants failed to give plaintiff timely notice of the accident in accordance with the terms of the subject policy.

Defendants filed an answer and affirmative defense, asserting that plaintiff had waived the coverage issues by its letter of October 3, 1984, which stated that coverage would be afforded defendants under the uninsured motorist provision of the policy issued to Gray.

Plaintiff subsequently filed a motion for summary judgment supported by affidavits and copies of the correspondence between the parties. Defendants filed a memorandum in response, and plaintiff filed a reply. At the hearing on its motion for summary judgment, counsel for plaintiff stated to the court that he could not explain why the letter of October 3, 1984, was sent.

At the conclusion of the hearing, the trial court found that plaintiff had not waived its right to deny coverage under the policy and granted summary judgment in favor of plaintiff based upon defendants' failure to comply with the notice requirement in the subject policy. The court's order indicated, however, that summary judgment was granted solely upon the claim alleged in count II of the complaint and, pursuant to that judgment, the cause was dismissed in its entirety. The court did not address or enter any findings on the issues raised in count I of the complaint.

Defendants have appealed, contending that the letter of October 3, 1984, effected a waiver of the defense of late notice.

■ Generally, compliance with the notice requirements of an insurance policy is necessary to establish coverage. (*Rooney v. State Farm Mutual Automobile Insurance Co.* (1983), 119 Ill. App. 3d 112, 116, 456 N.E.2d 160, 163.) The primary purpose of such a notice requirement is to enable the insurer to make a timely and thorough investigation of a claim and to protect itself against unjustifiable claims. *Rooney*, 119 Ill. App. 3d at 116, 456 N.E.2d at 163.

■ Yet, an insurer may waive a policy defense by continuing under a policy when it knows or in the exercise of ordinary diligence could have known the facts in question giving rise to the defense. (*Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 3d 615, 620, 313 N.E.2d 673, 677.) A waiver consists of a voluntary, intentional relinquishment by the insurer of a known right and may be express or implied, arising from the acts, words, conduct, or knowledge

of the insurer. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499, 475 N.E.2d 872, 878; *National Discount Shoes, Inc. v. Royal Globe Insurance Co.* (1981), 99 Ill. App. 3d 54, 59, 424 N.E.2d 1166, 1170; *Tibbs v. Great Central Insurance Co.* (1978), 57 Ill. App. 3d 866, 868, 373 N.E.2d 492, 493; *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 1041, 368 N.E.2d 465, 470; *Tarzian v. West Bend Mutual Fire Insurance Co.* (1966), 74 Ill. App. 2d 314, 326-27, 221 N.E.2d 293, 299.

Strong proof is not required to establish a waiver of a policy defense, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be asserted. *Mollihan*, 52 Ill. App. 3d at 1041, 368 N.E.2d at 471; *Kenilworth Insurance Co.*, 20 Ill. App. 3d at 620, 313 N.E.2d at 677; *O'Brien v. Country Mutual Insurance Co.* (1969), 105 Ill. App. 2d 21, 24, 245 N.E.2d 30, 31-32.

■ An implied waiver has been found where, after expiration of the notice period, the insurer requested the insured to engage in a course of conduct inconsistent with the assertion of a policy defense and, because of the request, it may be clearly inferred that the insurer intended to waive the failure to comply with the notice provision. See *Kenilworth Insurance Co.*, 20 Ill. App. 3d 615, 313 N.E.2d 673; *McMahon v. Coronet Insurance Co.* (1972), 6 Ill. App. 3d 704, 286 N.E.2d 631.

It has also been held that where an insurer's denial of liability for a loss claimed by an insured is based upon grounds other than the insured's failure to file a proof of loss, the insurer has waived or rendered unnecessary compliance with the proof of loss requirement in the policy. *McMahon*, 6 Ill. App. 3d at 709, 286 N.E.2d at 634; *Stoltz v. National Indemnity Co.* (1952), 345 Ill. App. 495, 104 N.E.2d 320.

■ In the instant case, although defendant Gray failed to notify the plaintiff of the accident until nearly 23 months after the loss occurred and the "non-waiver of rights" form indicated there was a question as to coverage based upon the late notice, the October 3, 1984, letter expressly stated that the plaintiff's investigation was complete and that plaintiff would be able to afford Gray coverage under the uninsured motorist provision in her policy. We believe that because this letter specifically informed defendants that coverage would be afforded under the policy, it constituted a waiver of plaintiff's policy defense of late notice. This letter would have led defendants to believe that the insurer intended to arbitrate those matters called for by the insurance contract, namely, damages and liability, and that coverage was not challenged. (See *Vasilakis v. Safeway Insurance Co.* (1977), 46 Ill. App. 3d 369, 374, 361 N.E.2d 1, 4.) Contrary to plain-

tiff's argument before this court, an insurer's letter setting forth its nonwaiver of the issue of coverage is not, under all circumstances and conditions and at all times, a shield against responsibility to an insured. See *Vasilakis*, 46 Ill. App. 3d at 375, 361 N.E.2d at 4.

We note that the letter of July 24, 1985, sent to Gray nine months after the letter of October 3, 1984, stated only that plaintiff was continuing its investigation of the claim. That letter did not deny coverage or make any reference to a coverage defense based upon late notice. Not until February 1986 did plaintiff attempt to reverse its position by advising defendants of its intention to deny coverage. Even at that time, the basis for the denial was a lack of evidence establishing contact with a "hit-and-run" vehicle and not late notice of the claim.

Once an insurer waives compliance with a notice provision, the notice requirement cannot be revived, and the insured's claim will be barred only by the regular statutes of limitations. See *O'Brien*, 105 Ill. App. 2d at 24, 245 N.E.2d at 31-32.

Plaintiff relies upon several Illinois cases which have held that certain actions by the insurer could not be construed as a waiver of a policy defense.

In *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872, the insurer accepted the insured's defense in an action brought by a third party. The insurer sent the insured a letter in which it stated that "there doesn't seem to be any further question concerning coverage at this time." Fifteen days later, the insurer advised that it had undertaken the insured's defense without any admission as to its liability under the terms of the policy and that it reserved its rights to deny coverage under certain exclusions in the policy. There, the Illinois Supreme Court held that the insurer's conduct could not be construed as an intentional relinquishment of its right to deny coverage based upon the exclusions in the policy. *Brochu*, 105 Ill. 2d at 499, 475 N.E.2d at 878.

In *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 368 N.E.2d 465, the insurer rescinded the insured's policy based upon a material misrepresentation in the application for insurance. Shortly after the policy had been rescinded, agents of the insurer paid the insured for damage to his vehicle and accepted from the insured a summons and complaint which had been served on him by another party involved in the accident. The court found that these actions by the agents of the insurer resulted from a delay in communication of information between different departments within the insurer's organization. The court held that these actions were insufficient to establish a waiver of

the insurer's right to deny coverage under the policy. *Mollihan*, 52 Ill. App. 3d at 1041, 368 N.E.2d at 471.

In *Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 321 N.E.2d 285, the insurer sent the insured a letter which stated that when the insurer received the insured's medical reports and final medical bills, his claim would be "processed for payment." The court found that a fair and objective reading of the letter did not suggest that the insurer made an unqualified representation to pay any claim that the insured may have asserted. The court held that the representations made in the letter were not of such a nature as to preclude the insurer from asserting a coverage defense. *Horn*, 24 Ill. App. 3d at 589, 321 N.E.2d at 290.

We find that the cases cited by plaintiff are factually distinguishable from the case at bar and, therefore, are not controlling here.

Here, the October 3, 1984, letter is pivotal to our consideration of the propriety of the trial court's grant of summary judgment. At the time the October 3 letter was sent to defendants, the insurance company was aware that the accident had occurred on September 22, 1982, and that defendants had for the first time reported the accident 23 months later. On October 3, 1984, the insurance company also was aware that its policy required that the hit-and-run accident be reported to the police within 24 hours and to the insurance carrier within 30 days. It was obvious that this had not been done. Yet, the language of the October 3 letter contains no reservation of the timely notice requirement for future determination, and the subsequent actions of the insurer over a 4½-year time span, until the filing of the declaratory judgment suit in March 1989, gave no indication to defendants that coverage might be denied based on failure to give timely notice.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the view expressed herein.

Reversed and remanded.

McNAMARA and EGAN, JJ., concur.