(text box: 1) NO. 5-03-0487

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

SANDRA S. MATHIS, )  Appeal from the 

)  Circuit Court of

     Plaintiff-Appellee, )  Madison County.

)

v. )  No. 02-L-205

)

LUMBERMEN'S MUTUAL CASUALTY ) 

INSURANCE COMPANY, )  Honorable

)  George J. Moran, Jr.,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court: 

This cause comes before this court on a permissive appeal, pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)), of the following question certified by the trial court: 

"Where a homeowner's insurance policy contains a one[-]year suit[-]filing limitation, can a Department of Insurance administrative regulation, that requires an insurer to advise [the insured] of the number of days the limitations period was tolled under 50 [Ill. Adm. Code] Section 919.80([d])(8)([C]), form the basis of an insurer's alleged waiver of the extended contractual limitation suit[-]filing time period?"  

FACTS

The defendant, Lumbermen's Mutual Casualty Insurance Company (Lumbermen's), issued a homeowner's insurance policy to the plaintiff, Sandra Mathis.  The policy was effective from June 6, 2000, to June 6, 2001.  On July 16, 2000, Mathis's home at 1417 Third Street, Madison, Illinois, was destroyed by fire.  Mathis reported her loss to Lumbermen's.  By letter dated December 7, 2000, Lumbermen's denied her claim, finding misrepresentation and arson.   

On January 31, 2002, Mathis filed a two-count complaint against Lumbermen's, alleging a breach of contract and defamation.  On April 1, 2002, Lumbermen's filed a motion to dismiss Mathis's complaint under section 2-619(5) of the Code of Civil Procedure (735 ILCS 5/2-619(5) (West 2002)).  Lumbermen's claimed that Mathis's breach-of-contract claim was time-barred because her policy contained a one-year contractual time limitation for filing suit and her complaint was filed beyond the one-year time limitation.  The time limitation provision in the policy stated as follows:  

"
Suit Against Us.
  No action can be brought unless the policy provisions have been complied with and the action is started within one year of the date of loss.

However, this one[-]year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part."

The last sentence of the time limitation provision is based upon section 143.1 of the Illinois Insurance Code (215 ILCS 5/143.1 (West 2002)), which provides, in pertinent part:

"Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."  215 ILCS 5/143.1 (West 2002).  

The record on appeal does not include a record of the hearing on the motion to dismiss.  However, Lumbermen's claims, and Mathis does not dispute, that at the hearing on the motion to dismiss Mathis argued that Lumbermen's waived or was estopped from asserting the contractual one-year time limitation because Lumbermen's failed to comply with the Department of Insurance's rules and regulations, specifically, section 919.80(d)(8)(C) of Title 50 of the Illinois Administrative Code, which provides:

"When the period within which the insured may bring suit under a residential fire and extended coverage policy is tolled in accordance with Section 143.1 of the [Illinois Insurance] Code [(215 ILCS 5/143.1 (West 2002))],
 the company, at the time it denies the claim, in whole or in part, shall advise the insured in writing of the number of days the period was tolled[] and how many days are left before the expiration of the time to bring suit."  50 Ill. Adm. Code §919.80(d)(8)(C) (2002).  

In its December 7, 2000, letter, Lumbermen's did not advise Mathis of the number of days the limitation period was tolled or how many days remained before her time to file suit expired.  

In the trial court's August 29, 2002, order, the court held that Lumbermen's waived the time limitation provision contained in the insurance policy.  Lumbermen's filed a motion to reconsider, which the court denied.  Subsequently, on Lumbermen's motion, the court certified the previously stated question, finding that the issue is a matter of law upon which reasonable persons could differ and that the resolution of the issue would materially advance the ultimate termination of the litigation of this case.  This court granted Lumbermen's petition for leave to appeal.  

ANALYSIS

Where the issue presented in an interlocutory appeal is a question of law, the scope of review is 
de novo
.  
In re Lawrence M.
, 172 Ill. 2d 523, 526 (1996); 
Terrill v. Oakbrook Hilton Suites & Garden Inn, L.L.C.
, 338 Ill. App. 3d 631, 634 (2003).  Although an appeal under Rule 308 is generally limited to the question certified by the trial court, a reviewing court can, where necessary, go beyond the certified question to consider the appropriateness of the order giving rise to the appeal.  
Johnson v. State Farm Mutual Automobile Insurance Co.
, 323 Ill. App. 3d 376, 379 (2001).  

Lumbermen's argues that section 919.80(d)(8)(C) does not apply because the limitation period was not tolled under section 143.1 of the Illinois Insurance Code because Mathis did not file a proof of loss in any form.    

Section 143.1 is an important statutory restriction on contractual time limitation provisions (
Hines v. Allstate Insurance Co.
, 298 Ill. App. 3d 585, 588 (1998)) and is designed to provide consumer protection to an insured when an insurance policy contains a time limitation clause.  
Trinity Bible Baptist Church v. Federal Kemper Insurance Co.
, 219 Ill. App. 3d 156, 160-61 (1991).  The intent of section 143.1 is to prevent an insurance company from sitting on a claim, allowing the limitation period to run, thereby depriving an insured of the opportunity to litigate his claim in court.  
Trinity Bible Baptist Church
, 219 Ill. App. 3d at 160-61.  Section 143.1 requires that a proof of loss be filed, in the form required by the policy, before the limitation period in the policy is tolled.  
Vala v. Pacific Insurance Co.
, 296 Ill. App. 3d 968, 971 (1998).  However, an insurer can waive compliance with proof-of-loss requirements.  
Tarzian v. West Bend Mutual Fire Insurance Co.
, 74 Ill. App. 2d 314, 326 (1966).  "Strong proof is not required to establish a waiver of a policy defense, but only such facts as would make it unjust, inequitable[,] or unconscionable to allow the defense to be asserted.  [Citations.]"  
State Farm Mutual Automobile Insurance Co. v. Gray
, 211 Ill. App. 3d 617, 621 (1991).  When an insurer denies liability for a loss claimed to be covered under the policy on grounds other than the insured's failure to file a proof of loss, the insurer waives compliance with the proof-of-loss requirement.  
State Farm Mutual Automobile Insurance Co.
, 211 Ill. App. 3d at 621; 
Tarzian
, 74 Ill. App. 2d at 327.  "Moreover, the denial itself implies the insurer's knowledge of the loss and intention to waive any proof thereof."  
Tibbs v. Great Central Insurance Co.
, 57 Ill. App. 3d 866, 869 (1978).   At the hearing on Lumbermen's motion to reconsider, Lumbermen's argued that Mathis did not file a proof of loss, but Lumbermen's acknowledged that it did not request a proof of loss from Mathis.  Neither at the trial nor on review did Lumbermen's explain how Mathis failed to comply with the policy's proof-of-loss requirement.  The policy's proof-of-loss requirement states, in pertinent part, as follows:

"2.  
Your Duties After Loss.
  In case of a loss to covered property, you must see that the following are done:  

a.  Give prompt notice to us or our agent;

* * *

g.  Send to us, within 60 days after our request, your signed, sworn proof of loss ***."

The proof-of-loss provision required Mathis to give prompt notice, but the provision does not describe a form for the notice or give a definitive time frame for notification.  The record demonstrates that Mathis gave Lumbermen's notice of her loss; otherwise, Lumbermen's would not have investigated the loss, as indicated in its denial letter, and would not have known to deny her claim.  In addition, Lumbermen's acknowledged that it had made no request for a signed, sworn proof of loss.  Under the facts of this case, we find that when Lumbermen's denied liability for Mathis's loss on grounds other than Mathis's failure to file a proof of loss, Lumbermen's waived compliance with the proof-of-loss requirement specified in the policy.  See 
State Farm Mutual Automobile Insurance Co.
, 211 Ill. App. 3d at 621. 

Having determined that Lumbermen's waived compliance with the proof-of-loss requirement, we consider whether Lumbermen's waived the policy's time limitation provision altogether.  A lawsuit filed after a contractual time limitation has expired is barred unless an insurer has waived the requirement.  
Village of Lake in the Hills v. Illinois Emcasco Insurance Co.
, 153 Ill. App. 3d 815, 817 (1987).  Waiver is the voluntary, intentional relinquishment of a known right.  
Tibbs
, 57 Ill. App. 3d at 868.  Estoppel is based upon an insurer's conduct that misleads the insured to his detriment.  
Tibbs
, 57 Ill. App. 3d at 868.  Because an implied waiver arises from the insurer's conduct, an implied waiver can be based on either waiver or estoppel, " 'for it exists when there is an intention to waive unexpressed, but clearly to be inferred from circumstances, or when there is no such intention in fact, but the conduct of the insurer has misled the insured into acting on a reasonable belief that the insurer has waived some provision of the policy.'  43 Am. Jur. 2d 
Insurance
 §1054, at 978 (1969); see generally 
Stoltz v. National Indemnity Co.
, 345 Ill. App. 495, 104 N.E.2d 320 [(1952)]."  
Tibbs
, 57 Ill. App. 3d at 868.  Waiver also may be shown by facts from which it would appear that the enforcement of the provision would be unjust or unconscionable.  
Village of Lake in the Hills
, 153 Ill. App. 3d at 817.  

Lumbermen's argues that there is no evidence that it waived the contractual time limitation provision because it has done nothing inconsistent with its intent to rely on all the provisions of the insurance contract.  However, we have already determined that Lumbermen's waived compliance with the policy's proof-of-loss requirement.  Lumbermen's also argues that a failure to follow the Department of Insurance regulation cannot form a basis for a waiver of the time limitation provision because a regulation cannot be the source for a private cause of action and because only the Director of Insurance can enforce the regulation.       

We turn then to the certified question concerning whether an insurer's failure to comply with section 919.80(d)(8)(C), which requires an insurer to advise the insured regarding the number of days the limitation period was tolled and how many days are left before the expiration of the time to bring suit, can form the basis for the insurer's waiver of the time limitation provision in the policy.  Lumbermen's does not claim that it complied with section 919.80(d)(8)(C) or that it was not required to comply with the regulation.

As both parties note, there does not appear to be any Illinois case law concerning the issue.  However, 
Spray, Gould & Bowers v. Associated International Insurance Co.
, 71 Cal. App. 4th 1260, 84 Cal. Rptr. 2d 552 (1999), is instructive.  In 
Spray, Gould & Bowers
, the plaintiffs were insured under a policy issued by the defendant, when the plaintiffs incurred a loss covered under the policy.  The policy contained a time limitation clause requiring that any lawsuit against the insurer be brought within 12 months after the discovery by the insured of the occurrence which gave rise to the claim.  The plaintiffs' loss occurred on January 17, 1994, and the plaintiffs filed their claim on November 21, 1994.  The insurer denied the claim on April 18, 1995, and the plaintiffs filed their complaint against the defendant on September 16, 1996.  The defendant moved for a summary judgment because the plaintiffs had filed their cause of action more than 12 months after the defendant denied their claim.  The plaintiffs opposed the defendant's motion and submitted evidence that the defendant had violated an insurance regulation that required the defendant to notify them of the time limits pertaining to the claim.  
Spray, Gould & Bowers
, 71 Cal. App. 4th at 1263-64, 84 Cal. Rptr. 2d at 553-54.  The court in 
Spray, Gould & Bowers
, noting that the limitation period was tolled while the defendant considered the plaintiffs' claim, reversed the summary judgment in favor of the defendant and determined that the violation of the administrative regulation might provide the basis for an estoppel against the defendant's assertion of a contractual time limitation defense.  
Spray, Gould & Bowers
, 71 Cal. App. 4th at 1265-67, 84 Cal. Rptr. 2d at 554-56.  The court in 
Spray, Gould & Bowers
 held that while the insurance commissioner's regulatory power is punitive, it is not remedial and that estoppel is a remedial judicial doctrine, so the court could address the violation.  
Spray, Gould & Bowers
, 71 Cal. App. 4th at 1270, 84 Cal. Rptr. 2d at 558.  The court in 
Spray, Gould & Bowers
 also determined that the commissioner's authority to impose monetary penalties and adverse licensure action is sufficient to coerce future compliance but that such authority does nothing to rectify a current wrong that the regulation is designed to prevent.  
Spray, Gould & Bowers
, 71 Cal. App. 4th at 1271, 84 Cal. Rptr. 2d at 558.  As the court stated:

"If we allow an insurer to rely upon a preclusive policy provision as to which it was required, but did not, give the insured special notice, then we effectively place a premium upon insurer disregard of the regulation which imposed the requirement."  
Spray, Gould & Bowers
, 71 Cal. App. 4th at 1271, 84 Cal. Rptr. 2d at 558.  

The same reasoning is applicable in the instant case.  Section 919.80, entitled "Required Claim Practices - Private Passenger Automobile - Property and Casualty Companies" (50 Ill. Adm. Code §919.80 (2002)), is an extension of the tolling provision of the statute and is implemented to protect the insured (215 ILCS 5/401(a) (West 2002)).  When Lumbermen's denied Mathis's claim, it was required under the insurance regulation to advise Mathis of how long the limitation period had been tolled and how many days remained until the time to file suit expired.  Section 919.80(d)(8)(C) of the insurance regulations implies that the mere existence of the policy time limitation provision is not enough notice to an insured of the running of a limitation period and that, in fairness to the insured, actual notice, rather than constructive notice, to an insured of the time remaining to file suit is necessary.  

As Lumbermen's notes, the insurance regulations are enforceable by the Director of Insurance (215 ILCS 5/401 
et seq.
 (West 2002)), and as in California, the enforcement of the insurance regulations is punitive and not remedial (215 ILCS 5/403A (West 2002)).  While the violation of section 919.80(d)(8)(C) does not provide the basis for a private cause of action, the violation of the regulation is a fact that a court can consider in determining whether an insurer waived a time limitation provision when enforcement of the provision would be unjust, inequitable, and unconscionable.  

Lumbermen's argues that an insured is responsible for reading her policy and knowing it contents.  This argument is inapplicable here because the requirement of compliance with the insurance regulation is not contained in the policy but is to be in a communication outside of the policy. 

Finally, it is interesting to note that in its denial letter to Mathis, Lumbermen's complied with another insurance regulation.  Section 919.40 of the insurance regulations, entitled "Definitions/Explanations," states in pertinent part as follows: 

"Notice of Availability of the Department of Insurance as required by this Part shall be no less informative than the following:

Part 
919
 of the Rules of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 W. Randolph Street, Suite 15-100, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767."  50 Ill. Adm. Code §919.40 (2002).

Lumbermen's complied with section 919.40 by including this language in its denial letter to Mathis but failed to comply with section 919.80(d)(8)(C) by not advising Mathis of the number of days the limitation period was tolled or how much time remained for her to file suit.

CONCLUSION

For the foregoing reasons, we answer the certified question in the affirmative and find that an insurer's violation of section 919.80(d)(8)(C) can provide a basis for the insurer's waiver of a time limitation provision contained in the policy and that, under the facts of this case, Lumbermen's waived the contractual time limitation provision.  Accordingly, the trial court's order finding that Lumbermen's waived the time limitation provision contained in the policy issued to Mathis is affirmed.

Certified question answered; order affirmed.

WELCH and GOLDENHERSH
(footnote: 1), JJ., concur.

FOOTNOTES
1:
Justice Maag participated in oral argument.  Justice Goldenhersh was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 12/30/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.